IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SKS & Associates, Inc., | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) |
| Thomas J. Dart, as Sheriff of Cook County, | ) |
| and | ) |
| E. Kenneth Wright, Jr., as Presiding Judge | ) |
| First Municipal District, | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

Now comes Plaintiff, SKS & Associates, Inc. (hereafter also "SKS"), by and on behalf of itself and those similarly situated, by and through their attorney, Zane D. Smith & Associates, Ltd., and for its Complaint against the Defendants, Thomas J. Dart, as Sheriff of Cook County, and E. Kenneth Wright, Jr., as Presiding Judge of the First Municipal District, and allege as follows:

### NATURE OF THE ACTION

1. This is a complaint brought under the 14th Amendment to the U.S. Constitution and 42 U.S.C. Sec. 1983 and is based in part on the deprivation of property of Plaintiff SKS & Associates, Inc. and on behalf of those similarly situated, against Defendants Thomas J. Dart as Sheriff of Cook County, Illinois and Judge E. Kenneth Wright, Jr., as Presiding Judge First Municipal District in Cook County, Illinois.

### PARTIES

2. Plaintiff SKS brings this action as a class action on behalf of itself and all other similarly situated persons and entities who are landlords of residential real

estate in Cook County, Illinois, who, due to General Order 2008-04, had filed for Orders of Possession but such Orders could not be entered between December 15, 2008, and January 2, 2009, and those landlords of residential real estate in Cook County who had enforceable Orders of Possession between January 3, 2009 and April 17, 2009, but for whom Defendant Sheriff would not serve such Orders of Possession due to General Order 2008-04.

3. There are questions of law or fact common to the class and these questions predominate over any questions which may exist with respect to individuals.

4. The number of similarly situated individuals is estimated to be approximately, and at least, 1647, and is so numerous that joinder of all members is impracticable.

5. The claims or defenses of the representative party is typical of the claims or defenses of the class.

6. Plaintiff and its counsel will fairly and adequately protect the interest of the class.

7. A class action is the most appropriate method for the fair and efficient resolution of the matters alleged herein.

8. Plaintiff SKS Associates Inc. is an Illinois Corporation with its principal place of business in Illinois. SKS is engaged in the business of being a landlord with property located in Cook County, Illinois.

9. Thomas J. Dart is the Sheriff of Cook County, Illinois and Defendant Sheriff's office's duties include serving eviction notices on Cook County tenants.

10. Judge E. Kenneth Wright, Jr., is the Presiding Judge of the First Municipal District of the Circuit Court of Cook County, Illinois and his duties include entering General Order 2008-04.

## JURISDICTION

11. Jurisdiction is proper in this Court as this is a Constitutional issue.

## FACTUAL BACKGROUND

12. On or about November 24, 2008, the Honorable E. Kenneth Wright Jr., entered General Order 2008-04. This Order states, in full:

STATE OF ILLINOIS )
                             )
COUNTY OF COOK )

### IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### FIRST MUNICIPAL DISTRICT

### GENERAL ORDER 2008-04

**IT IS HEREBY ORDERED** that the Sheriff of Cook County shall cease execution of eviction orders relating to residential real estate effective December 15, 2008. The Sheriff shall resume execution of said orders effective January 2, 2009.

**IT IS FURTHER ORDERED** that the Sheriff shall cease execution of said orders:

    a) whenever the outside temperature is 15 degrees Fahrenheit or colder; or
    b) whenever regardless of outside temperature, extreme weather conditions endanger the health and welfare of those to be evicted.

**IT IS FURTHER ORDERED** that this General Order supersedes General Order 2007-02.

    This order shall be spread upon the records of this court.

**DATED at Chicago, Illinois this 24th day of November, 2008.**

3

ENTER: /s/        E. Kenneth Wright, Jr.
E. KENNETH WRIGHT, JR.
PRESIDING JUDGE
FIRST MUNICIPAL DISTRICT

13. This Order violates Plaintiffs' rights as the Order as written prevents Plaintiffs from being able to obtain orders of Possession that are enforceable between December 15, 2008 and January 2, 2009, essentially allowing persons not paying rent to remain on the premises rent-free between December 15, 2008 and January 2, 2009.

14. This Order violates Plaintiffs' rights as the Order as written allows Defendant Sheriff to arbitrarily enforce Orders of Possession when Defendant Sheriff deems there is extreme weather conditions and that such would endanger the health and welfare of those to be evicted.

15. That General Order 2008-04 resulted in persons not being timely evicted:

A.  That on August 21, 2008 the Honorable Janet Brosnahan of the Circuit Court of Cook County, Illinois Municipal Department – Fifth Division, entered an Order for Possession against the tenant Jerry P. and unknown occupants at the address 8101 W 84th Street, Apartment Eight, Justice Illinois.

   1. That the enforcement of the judgment was stayed until September 2, 2008 and on October 3, 2008, the Order for Possession was certified to be correct by Dorothy Brown, Clerk of the Circuit Court of Cook County, Illinois.

   2. That SKS placed the Order for Possession with Defendant Sheriff on October 3, 2008.

3. That upon Defendant Sheriff not enforcing the Order for possession, on December 19, 2008, Plaintiff SKS presented its Motion To Refresh and Extend Order of Possession, and Plaintiff was granted an additional 90 days.

4. That Plaintiff SKS placed the Order of Possession with Defendant Sheriff on December 31, 2008.

5. That Defendant Sheriff did not enforce the Order until April 6, 2009.

B. That on December 3, 2008, the Honorable Gary L Brownfield of the Circuit Court of Cook County, Illinois Municipal Department – Fifth Division, entered an Order for Possession against the tenant Charles L. and unknown occupants at the address 9317 S Harlem, Apartment Four – A, Oak Lawn, Illinois.

1. That the enforcement of the judgment was stayed until December 31, 2008.

2. That Plaintiff SKS placed the Order for Possession with Defendant Sheriff in January 2009.

3. That upon Defendant Dart not enforcing the Order for possession, on March 11, 2009, the Plaintiff SKS presented its Motion for Extension of Period of Enforcement of Judgment for possession and Plaintiff was granted an additional 90 days.

4. That Defendant Sheriff did not enforce the Order until March 24, 2009.

    C.    That on December 3, 2008, the Honorable Janet Brosnahan of the Circuit Court of Cook County, Illinois Municipal Department – Fifth Division, entered an Order for Possession against the tenant Emma F. and unknown occupants at the address 4321 Harlem, Apartment Two, Stickney, Illinois.

1. That the enforcement of the judgment was stayed until December 17, 2008, and on December 31, 2008, the Order for Possession was certified to be correct by Dorothy Brown, Clerk of the Circuit Court of Cook County, Illinois.

2. That Plaintiff SKS placed the Order of Possession with Defendant Sheriff on or about December 31, 2008.

3. That upon Defendant Dart not enforcing the Order for possession, on March 11, 2009, Plaintiff SKS presented its Motion for Extension of Period of Enforcement of Judgment for possession and Plaintiff SKS was granted an additional 90 days.

4. That Plaintiff SKS placed the Order of Possession with Defendant Sheriff on or about March 16, 2009.

5. That on April 17, 2008, the Office of the Sheriff of Cook County, Illinois took possession of the real property located at 4321 Harlem, Apartment Two, Stickney, Illinois and tendered it to the Plaintiff SKS.

    D.    That on January 9, 2009, the Honorable Janet Brosnahan of the Circuit Court of Cook County, Illinois Municipal Department – Fifth Division, entered an Order for Possession against the tenant Torrance J. and unknown

occupants at the address 9317 South Harlem, Apartment Five-B, Oak Lawn, Illinois.

1. That the enforcement of the judgment was stayed until January 16, 2009.

2. That Plaintiff SKS placed the Order of Possession with Defendant Sheriff in January 2009.

3. That on March 24, 2009, the Office of the Sheriff of Cook County, Illinois took possession of the real property located at 9317 South Harlem, Apartment Five-B, Oak Lawn, Illinois and tendered it to the Plaintiff SKS.

E. That on February 6, 2009, the Honorable Frank Castiglione of the Circuit Court of Cook County, Illinois Municipal Department – Fifth Division, entered an Order for Possession against the tenant Maureen W. and unknown occupants at the address 7740 Harlem Avenue, Apartment Two-B, Bridgeview Illinois.

1. That the enforcement of the judgment was stayed until February 17, 2009 and on February 24, 2009, the Order for Possession was certified to be correct by Dorothy Brown, Clerk of the Circuit Court of Cook County, Illinois.

2. That Plaintiff SKS placed the Order for Possession with Defendant Sheriff on or about February 24, 2009.

3. That upon Defendant Sheriff not enforcing the Order for possession, on May 21, 2009, the Plaintiff SKS presented its Motion for Extension of Period of Enforcement of Judgment for possession and Plaintiff was

7

granted an additional 90 days and the Order was placed with Defendant Sheriff.

4. That on July 20, 2009 the Office of the Sheriff of Cook County, Illinois took possession of the real property located at 7740 Harlem Avenue, Apartment Two-B, Bridgeview Illinois and tendered it to Plaintiff SKS.

16. That upon information and belief, the Defendant Sheriff's office did not enforce the Orders of Possession due to General Order 2008-04 dated November 24, 2008.

17. That upon information and belief, due to General Order 2008-04, there were no Orders of Possession entered by any Cook County judge that were enforceable between December 17, 2008 and January 2, 2009.

18. That upon information and belief, between January 3, 2009 and April 17, 2009, there were 2854 Orders of Possession carried out over 47 dates, which is an average of 61 evictions per day.

19. That upon information and belief, the number of dates between January 3, 2009 and April 17, 2009 wherein no Orders of Possession were served was 27 days, due to General Order 2008-04; that is, 1647 evictions were postponed.

20. That upon information and belief, General Order 2008-04 postponed service by Defendant Sheriff past the 90 day enforcement date, compelling Plaintiffs to file a Motion to Refresh and Extend the Order of Possession entered, not only increasing Plaintiffs' expenses to obtain possession of their property, but also causing further loss of revenue.

21. That the effects of the General Order 2008-04 are to deprive Plaintiffs their property without due process, and the General Order also violates the Equal Protection and Due Process 14th Amendment to the United States Constitution.

WHEREFORE, Plaintiffs, SKS & Associates, Inc., and those similarly situated, pray that this Honorable Court enter an Order in favor of Plaintiffs and against Defendants, as follows:

    A.    Rule that the General Order 2008-04 violates Plaintiffs' right to their property without due process.

    B.    The dates and weather conditions listed on General order 2008-04 unfairly favor the tenants and violate Plaintiffs' 14th Amendment Constitutional Rights to equal protection and due process.

    C.    Reasonable costs and attorneys fees associated with this action.

    D.    Granting such other and further relief as it deems just and proper under the circumstances.

Respectfully submitted,

SKS & Associates, Inc.

//s/Zane D. Smith
BY: Zane D. Smith, Plaintiffs' Attorney

Zane D. Smith & Associates, Ltd.
415 North LaSalle Street, Suite 300
Chicago, IL 60610
312-245-0031