```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE NORTHERN DISTRICT OF ILLINOIS
                         EASTERN DIVISION

SKS & ASSOCIATES, INC.,            )
                                   )
                Plaintiff,         )
                                   )
     v.                            )     No.  09 C 5424
                                   )
THOMAS J. DART, etc., et al.,      )
                                   )
                Defendants.        )
```

## MEMORANDUM OPINION AND ORDER

SKS & Associates, Inc. ("SKS") has sued Cook County Sheriff Thomas Dart and Circuit Court of Cook County Judge E. Kenneth Wright, Jr., challenging this General Order 2008-04 entered by Judge Wright on November 24, 2008:

> **IT IS HEREBY ORDERED** that the Sheriff of Cook County shall cease execution of eviction orders relating to residential real estate effective December 15, 2008. The Sheriff shall resume execution of said orders effective January 2, 2009.
>
> **IT IS FURTHER ORDERED** that the Sheriff shall cease execution of said orders:
>
>    (a)  whenever the outside temperature is 15 degrees Fahrenheit or colder; or
>
>    (b)  whenever regardless of outside temperature, extreme weather conditions endanger the health and welfare of those to be evicted.

This memorandum opinion and order is issued sua sponte because of the problematic nature of this action, which has been asserted by SKS under 42 U.S.C. §1983 ("Section 1983") as a putative "class action on behalf of itself and all other similarly situated persons and entities who are landlords of residential real estate

in Cook County, Illinois" and whose Orders of Possession or prospective Orders of Possession were impacted during the period between December 15, 2008 and April 17, 2009 (Complaint ¶2).

Complaint ¶¶13 and 14 define the claimed violations of the rights of SKS and other putative class members:

> 13. This Order violates Plaintiffs' rights as the Order as written prevents Plaintiffs from being able to obtain orders of Possession that are enforceable between December 15, 2008 and January 2, 2009, essentially allowing persons not paying rent to remain on the premises rent-free between December 15, 2008 and January 2, 2009.
>
> 14. This Order violates Plaintiffs' rights as the Order as written allows Defendant Sheriff to arbitrarily enforce Orders of Possession when Defendant Sheriff deems there is extreme weather conditions and that such would endanger the health and welfare of those to be evicted.

Then Complaint ¶¶15A through 15E set out five instances of delayed enforcement of orders of possession attributable to the General Order.[1] Finally, the Complaint seeks the entry of this order against defendants:

> A. Rule that the General Order 2008-04 violates Plaintiffs' right to their property without due process.
>
> B. The dates and weather conditions listed on General Order 2008-04 unfairly favor the tenants and violate Plaintiffs' 14th Amendment Constitutional

---

[1] It is not clear from the Complaint whether or not the second paragraph of General Order 2008-04 is still in effect (although, as indicated above, SKS appears to focus only on its impact through early 2009). As the ensuing analysis shows, that question need not be answered because this action does not survive in any event.

2

Rights to equal protection and due process.

    C. Reasonable costs and attorneys fees associated with this action.

    D. Granting such other and further relief as it deems just and proper under the circumstances.

It is noteworthy that SKS does <u>not</u> ask for either damages or injunctive relief against either Sheriff Dart or Judge Wright. That departure from the Section 1983 norm has to bring any informed reader of the Complaint up short, calling as it does for careful analysis of just what is going on. And as it turns out, such careful analysis knocks out the Complaint and this action in its entirety.

First as to Sheriff Dart, under Illinois law the sheriff, who holds an office defined by the Illinois Constitution, has a dual role: Some of his functions are carried out in the capacity of a county official, while others are carried out as an agent of the state. As for the execution of court orders, such as the judicial eviction orders that are the gravamen of this Complaint, they unquestionably fall in the latter category: On that score the Sheriff wears his state-actor hat. That is the square holding of such cases as <u>Alencastro v. Sheahan</u>, 297 Ill.App.3d 478, 481-82, 678 N.E.2d 1095, 1097-98 (1st Dist. 1998), which confirmed the reasoning previously articulated by our own Court of Appeals applying Illinois law in <u>Scott v. O'Grady</u>, 975 F.2d

366, 371 (7th Cir. 1992).[2]

For present purposes, then, Sheriff Dart is the embodiment of the State of Illinois itself. That being the case, the Eleventh Amendment shields him from this lawsuit, for Will v. Mich. Dep't of State Police, 491 U.S. 58, 70-71 (1989) teaches that "neither a State nor its officials acting in their official capacities are 'persons' under §1983." That application of Eleventh Amendment doctrine knocks out Sheriff Dart as a Section 1983 defendant here.

As to Judge Wright, it has long been established that the common law of judicial immunity from damages carries over to Section 1983 (see, e.g., Pierson v. Ray, 386 U.S. 547, 554-55 (1967), which extended to Section 1983 the doctrine of judicial immunity from liability for damages for acts committed within judicial jurisdiction, as recognized in Bradley v. Fisher, 13 Wall. 335 (1872)). But until 1996 that doctrine did not insulate judicial officers against prospective _injunctive_ relief under Section 1983. Justice Blackmun's lengthy opinion for a five-Justice majority in Pulliam v. Allen, 466 U.S. 522 (1984) had so held, relying heavily on what was viewed as the congressional intent manifested in Section 1983 and its companion provision for awards of attorneys' fees under 42 U.S.C. §1988.

---

[2] As had the Scott opinion, Alencastro pointed to the sheriff's statutory duties under what are now 55 ILCS 5/3-6109 and 5/3-6020.

As already suggested, in 1996 Congress responded with a critical amendment that added to Section 1983 this flat-out prohibition:

> [I]n any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

Although our own Court of Appeals has not had occasion to speak to the issue, the Second Circuit's per curiam opinion in <u>Montero v. Travis</u>, 171 F.3d 757, 761 (2d Cir. 1999) confirmed the thrust of that amendment as barring not only a Section 1983 claim for damages but also any claim for injunctive relief.

Here, as the earlier quotation of the Complaint's prayer for relief confirms, SKS does not seek to place Judge Wright in the crosshairs of an injunction. And that is entirely understandable, for it is clear that neither of the dual exceptions in the 1996 amendment applies. First, of course, there is no <u>existing</u> declaratory decree, so that part one of the "unless" proviso does not apply. And as for the second part, SKS can scarcely be said to consider declaratory relief unavailable, when just such relief is expressly sought by this lawsuit.

In sum, neither exception to the statutory bar of injunctive relief applies, so that SKS is foreclosed from obtaining <u>either</u> damages or an injunction against Judge Wright. And that being so, this lawsuit is much like Winston Churchill's famous

5

description of Russia as "a riddle wrapped in a mystery inside an enigma." Its obvious purpose if successful is to cause Judge Wright to cease enforcement of General Order 2008-04 and to prevent Sheriff Dart from complying with its terms--effectively amounting to the injunction that is prohibited as against Judge Wright, while all relief is barred as against Sheriff Dart by the Eleventh Amendment.

It is well established that the Declaratory Judgment Act (28 U.S.C. §2201(a)), the source of potential declaratory relief once subject matter jurisdiction has been confirmed "confers on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants" (Wilton v. Seven Falls Co., 515 U.S. 277, 286 (1995)). Here SKS' prayer seeking such relief is clearly an attempted end run around the statutory prohibition against injunctive relief. This Court will not aid it to obtain indirectly what it cannot obtain directly. This action is dismissed.

_____
Milton I. Shadur
Senior United States District Judge

Date:  September 8, 2009